UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22151-Civ-COOKE/TORRES

BARBARA SHAPIRO,

    Plaintiff,

vs.

SECRETARY OF DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Defendant.
_____/

## OMNIBUS ORDER ON MOTIONS FOR SUMMARY JUDGMENT

    This is an action for review of a final decision of the Medicare Appeals Council ("MAC") of the Department of Health and Human Services. Plaintiff Barbara Shapiro disputes the MAC's April 2, 2015 decision affirming with modifications an Administrative Law Judge's ("ALJ") decision rejecting her challenge to a Medicare lien on proceeds from the settlement of her personal injury lawsuit against a third-party tortfeasor.

    I have jurisdiction under 42 U.S.C. §§ 405(g) and 1395ff(b).

    Pending are the parties' respective Motions for Summary Judgment. (ECF Nos. 41, 44). I have reviewed the Motions, response and reply briefs, the administrative record, and the relevant legal authorities. For the reasons that follow, I grant Defendant's Motion and deny Plaintiff's Motion.

## BACKGROUND

    In April 2011, Plaintiff, then seventy-nine years old, was seriously injured in an accident with a United Parcel Service ("UPS") delivery truck. (ECF No. 32 ¶¶ 8-10). UPS denied liability for the accident, prompting Plaintiff to retain counsel and file a civil action in Florida state court. (*Id.* ¶ 11). While the state-court action was pending, Medicare made conditional payments on Plaintiff's behalf for medical expenses arising from her injuries. (*Id.* ¶ 15). On May 15, 2012, Medicare issued Plaintiff a conditional payment letter stating that its accident-related payments to date were $16,940.51. (*Id.*). The letter contained a notice cautioning that the amount was non-final and subject to change. (ECF No. 1-2 at 2).

    The state-court action proceeded through non-binding arbitration, which led to an offer

by UPS to settle for $250,000. (ECF No. 32 ¶ 14). Later, about a month before the case was scheduled to go to trial, UPS upped its offer to $350,000. (*Id.* ¶ 16). Plaintiff instructed her counsel to accept UPS's offer only if she could receive a net recovery of $250,000. (*Id.* ¶ 17).

To determine whether it was possible to net Plaintiff the sum she wanted, her counsel directed a member of his staff to contact the Medicare Secondary Payer Recovery Contractor ("MSPRC") by telephone and verify the reimbursement amount for Medicare's conditional payments. (*Id.* ¶ 18). The MSPRC informed Plaintiff's counsel's staff member that the reimbursement amount had increased to $17,306.03 as of December 14, 2012. (*Id.* ¶ 21).

Allegedly relying on the MSPRC's representation of the conditional payments amount, Plaintiff settled her case with UPS. (*Id.* ¶¶ 22-23). After the settlement was finalized, on or about December 31, 2012, the MSPRC issued a demand notice seeking reimbursement from Plaintiff in the amount of $23,552.96 based on conditional payments totaling $40,118.83. (*Id.* ¶ 25). Plaintiff appealed that determination and, shortly thereafter, the MSPRC upheld its decision. (*Id.* ¶ 26).

Plaintiff administratively appealed to Maximus Federal Services, a Medicare Qualified Independent Contractor, which ruled against Plaintiff, finding the amount MSPRC conveyed over the telephone was not final and was subject to change. (*Id.* ¶¶ 27-28). Plaintiff then requested a hearing before an ALJ of the Office of Medicare Hearings and Appeals. (*Id.* ¶ 31). The ALJ also ruled against Plaintiff, noting that "MSRP conditional letters include a disclaimer that they are not final and [are] subject to change, and therefore the [Plaintiff] was on notice of this fact," and that "it cannot be said that recoupment of the MSP overpayment at issue would be against equity and good conscience." (*Id.* ¶¶ 32-33). Plaintiff appealed the decision to the MAC. (ECF No. 44 ¶ 25). The MAC ruled against Plaintiff, stating that there can be no "final" reimbursement amount before a settlement is finalized. (ECF No. 47 at 2). Plaintiff then filed this action seeking review of the MAC's determination. (ECF No. 1).

## STANDARD OF REVIEW

The Medicare Act provides for judicial review of the Secretary's final decision.[1] *See* 42 U.S.C. §§ 1395ff(b), 405(g). Judicial review of the Secretary's final decision is limited to whether it comports with applicable law and whether there is substantial evidence to support

---

[1] The decision of the MAC is the Secretary's final decision. *See Heckler v. Ringer*, 466 U.S. 602, 607 (1984).

it.² *See* 42 U.S.C. § 1395ff(b); 42 C.F.R. § 405.1136(f); *see also Gulfcoast Med. Supply Inc. v. Sec'y of Health and Human Servs.*, 468 F.3d 1347, 1350 n.4 (11th Cir. 2006) (judicial review is limited to "whether there is substantial evidence to support the findings of the . . . [Secretary], and whether the correct legal standards were applied." (citation omitted)).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Stone & Webster Constr., Inc. v. U.S. Dep't of Labor*, 684 F.3d 1127, 1133 (11th Cir. 2012) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Thus, substantial evidence exists even when it supports two inconsistent conclusions. *Id.* A court must accept findings of fact the ALJ made as conclusive, provided that substantial evidence supports them. *Papciak v. Sebelius*, 742 F. Supp. 2d 765, 768 (W.D. Pa. 2010) (citing 42 U.S.C. § 405(g)).

## DISCUSSION

Congress enacted the Medicare Secondary Payer statute ("MSP") to reduce escalating Medicare costs. *See Weinstein v. Sebelius*, 2013 WL 1187052, at *3 (E.D. Pa. 2013) (citing *United States v. Travelers Ins. Co.*, 815 F. Supp. 521, 522 (D. Conn. 1992)). In relevant part, the MSP provides:

> [A] primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the Secretary under this subchapter with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service. A primary plan's responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means . . . .

42 U.S.C. § 1395(b)(2)(B)(ii).

The MSP makes Medicare a "secondary" source of payment for health care services. *See* 42 U.S.C. § 1395y(b)(2); *Walters v. Leavitt*, 376 F. Supp. 2d 746, 750 (E.D. Mich. 2005). When a primary payer has not paid or cannot reasonably be expected to pay promptly for covered services, Medicare makes a conditional payment to ensure the beneficiary receives timely health care. See 42 U.S.C. §§ 1395y(b)(2)(A)(ii), 1395y(b)(2)(B)(i). Medicare's conditional payments are "conditioned on reimbursement [to Medicare] when notice or other

---

² Plaintiff does not assert that the MAC applied incorrect law. (ECF No. 44 at 8).

information is received that payment for such item or service has been . . . made." 42 U.S.C. § 1395y(b)(2)(B)(i); *see Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 777 (11th Cir. 2002) (same).

Under the MSP, if the beneficiary receives payment from a primary payer, the beneficiary must reimburse Medicare "for any payment...with respect to an item or service if it is demonstrated that such primary plan has or had responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(B)(ii). Responsibility "may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan, or the primary plan's insured, or by other means." 42 U.S.C. § 1395y(b)(2)(B)(ii).

These MSP provisions "prevent responsible tortfeasors or recovering tort plaintiff/beneficiaries from retaining the medical expenses paid by Medicare." *Mason v. Sebelius*, 2012 WL 1019131, at *9 (D.N.J. 2012). A tortfeasor, for example, can be a "primary plan" – i.e., a primary payer – under the statute. *See, e.g.*, *Taransky v. Sec'y of Health & Human Servs.*, 760 F.3d 307, 313-14 (3rd Cir. 2014); *Hadden v. United States*, 661 F.3d 298, 302 (6th Cir. 2011). If a Medicare beneficiary seeks medical expenses as damages in a lawsuit, and the parties settle the claim, the settlement demonstrates the tortfeasor's responsibility for those medical expenses, regardless of whether the tortfeasor admits liability. *See* 42 U.S.C. § 1395y(b)(2)(B)(ii). The tortfeasor then becomes obligated to reimburse Medicare for the medical expenses. *Id.* If, however, the tortfeasor directly pays the settlement proceeds to the Medicare beneficiary, Medicare may seek reimbursement from the beneficiary. *Id.*; *see United States v. Baxter Int'l*, 345 866, 875 (11th Cir. 2003) ("Medicare is empowered to recoup from the rightful primary payer (or from the recipient of such payment) if Medicare pays for a service that was, or should have been, covered by the primary insurer.").

In this case, Medicare remitted $40,118.83 in conditional payments for medical care related to the accident from which Plaintiff's settlement arose. The Centers for Medicare and Medicaid Services ("CMS") reduced the principal amount it seeks to recover from Plaintiff from $40,118.83 to $23,552.96. Plaintiff does not dispute that Medicare made payments on her behalf for medical care related to the injuries she sustained in the accident. Moreover, Plaintiff received a settlement for those injuries. Accordingly, the Act requires Plaintiff to reimburse Medicare, and permits the Secretary to recover the full principal amount of the payments owed

($23,552.96), absent a basis for waiver. *See* 42 U.S.C. § 1395y(b)(2)(B)(ii).

Although the Act mandates reimbursement of conditional payments to Medicare, it also provides that the Secretary may waive recovery, or a portion thereof, if certain conditions are met. Under section 1870(c) of the Act, the Secretary may waive all or part of the recovery if the beneficiary is without fault and (1) when recovery would either defeat the purpose of Title II or Title XVIII of the Act; or (2) be against equity and good conscience. *See* 42 U.S.C. § 1395gg(c); 42 C.F.R. § 358. The burden is on the beneficiary to show that recovery would defeat the purpose of the Act or be against equity and good conscience. *See, e.g.*, *Sieber v. Thompson*, 2003 WL 24577851, at *5 (E.D. Cal. 2003) (citing *Harrison v. Heckler*, 746 F.2d 480, 482 (9th Cir. 1984).

Recovery of conditional payments defeats the purpose of Title II or Title XVIII when it would cause financial hardship by depriving a beneficiary of income required for ordinary and necessary living expenses. See 20 C.F.R. § 404.508; *see also* Medicare Secondary Payer Manual ("MSPM"), ECF No. 41-1, Ch. 7, § 50.6.5. Plaintiff does not rely on this ground for waiver. Instead, she contends that recovery is against equity and good conscience.

Whether recovery is against equity and good conscience depends on the totality of the circumstances in a particular case, which a tribunal evaluates using a non-exhaustive list of factors: (1) the degree to which the beneficiary contributed to causing the overpayment; (2) the degree to which Medicare and/or its contractors contributed to causing the overpayment; (3) the degree to which recovery or adjustment would cause undue hardship for the beneficiary; (4) whether the beneficiary would be unjustly enriched by a waiver or adjustment of recovery; and (5) *whether the beneficiary changed their position to their material detriment as a result of receiving overpayment or as a result of relying on erroneous information supplied to the beneficiary by Medicare. See* MSPM, Ch. 7, § 50.6.5.2 (emphasis added). Plaintiff principally relies on the fifth factor.

Plaintiff alleges that she reasonably relied on the MSPRC's representation during the December 14, 2012 telephone call as the "final reimbursement amount," and that her counsel "relied on the statement of reimbursement amount to calculate Plaintiff's required net for settlement of her action against UPS." (ECF No 32 ¶¶ 22, 44). As the MAC noted, however, the amount of conditional payments that the Secretary may recover is not final until after a settlement is reached because "Medicare's claim comes into existence by operation of law (42 U.S.C. § 1395y(b)(2)(B)(ii)) when payment for medical expenses that Medicare conditionally paid for has been made by the third party payer." (ECF 32-1 at 6 (quoting MSPM, ECF No.

41-1, Ch. 7, § 50.4.1)). Indeed, the May 15, 2012 conditional payment letter clearly states that the list of current conditional payments enclosed therein would not be updated until CMS received "final settlement information" from Plaintiff. (ECF 1-2 at 2). Further, as the MAC found, Plaintiff "had notice of the payments Medicare made for her accident-related injuries by virtue of having received medical care for those injuries, and, subsequently bills and remittance advices related to that care." (ECF 32-1 at 7). Substantial evidence therefore supports the MAC's conclusion that it was not reasonable for Plaintiff to rely on the amount conveyed during the telephone call as the "final amount."[3]

Moreover, substantial evidence supports the MAC's conclusion that even if Plaintiff reasonably relied on the contractor's representation, she did not suffer a material detriment. As the MAC explained:

> The appellant asserts that the figure furnished by Medicare prior to settlement would have been reduced to a demand of approximately $10,000 and, compared to the $23,552.96 Medicare ultimately sought to recover, the approximate $13,500 difference is material . . . In this regard, however, we disagree with the appellant. As calculated by the appellant, a $13,500 additional demand is still a relatively small fraction (5.4%) of the total net settlement ($250,000 after expenses) the appellant received, particularly considering that there is no evidence of financial hardship to the beneficiary.

(*Id.* at 6-7).

Plaintiff contends that the MAC's conclusion that the 5.4% figure is not material was "arbitrary and capricious." (ECF No. 47 at 4). I disagree. If Plaintiff pays the full amount of principal conditional payments owed, she will retain $226,447.04 of her settlement – in other words, more than 94% of what she would have received if the amount MSPRC quoted over the

---

[3] The Supreme Court has opined that reliance on a government agent's oral representation is not reasonable. *See Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 64 (1984) (health care provider's reliance on government agent's representation was not reasonable because, in part, the representation was made orally and not reduced to writing). Additionally, "where a beneficiary made a personal financial decision, based on *written information* from an *official CMS source*, that the overpayment was correct, and recovery would change the beneficiary's position or the worse," waiver would likely result. MSPM, ECF No. 41-1, § 50.6.5.2 (emphasis added). Here, there was no writing from an official CMS source reflecting the conditional payment amount conveyed during the telephone call.

6

telephone had been the "final amount."[4] Such evidence is sufficient to support the MAC's finding that Plaintiff did not suffer a material detriment. *See, e.g., Hadden v. U.S.*, 661 F.3d at 304-05 (substantial evidence supported MAC decision where the beneficiary owed Medicare $62,338.07 in conditional payments and retained approximately $44,000 of the settlement proceeds after reimbursing Medicare).

## CONCLUSION

It is, therefore, **ORDERED** and **ADJUDGED** that Defendant's Motion for Summary Judgment (ECF No. 41) is **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 44) is **DENIED**.

**DONE** and **ORDERED** in chambers at Miami, Florida, this 23rd day of March 2017.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

---

[4] Plaintiff argues that $13,500 "is a very significant sum to Plaintiff," and that "it is the absolute dollar figure, and the effect of its loss to Plaintiff, that are the operative facts as to whether a difference is material." (ECF No. 44 at 10). But the subjective importance to the beneficiary of a reimbursement amount is not one of the factors listed in the Medicare Secondary Payer Manual as relevant to whether recovery is against equity and good conscience. *See* MSPM, Ch. 7, § 50.6.5.2. The factor that comes the closest is whether recovery or adjustment would cause undue hardship for the beneficiary. *See id.* Plaintiff has not alleged that is the case here.